DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

Ajay Krishnamurthy (CABN 305533)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7234
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-00104-EMC-JCS |
| Plaintiff, | [~~Proposed~~] DETENTION ORDER |
| v. | |
| JONATHAN ORDENANA, | |
| Defendant. | |

On February 28, 2019, defendant Jonathan Ordenana was charged by indictment with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). This matter came before the Court for a detention hearing on March 7, 2019. The defendant was present and represented by Assistant Federal Public Defender Jodi Linker. Assistant United States Attorney Ajay Krishnamurthy appeared for the government.

The government moved for detention on the basis that no condition or combination of conditions of release would reasonably assure the safety of the community in light of the defendant's conduct in this case and history and characteristics. The defense opposed and proposed the defendant's release to the custody of his mother and home detention. Pretrial Services recommended detention on the basis that no condition or combination of conditions of release would reasonably assure the safety of the

community.

Upon consideration of the facts, proffers and arguments presented, including the facts proffered in the government's memorandum filed on March 6, 2019, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of any other person and the community. In particular, the Court notes that the defendant was convicted of Unlawful Sex with a Minor in 2015 and, although was sentenced to probation, has violated the conditions of his probation twice. In addition, the Court also notes that the facts proffered by the government show that the defendant engaged in criminal conduct and predatory behavior when he was previously under supervision and in custody.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 11, 2019

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge